IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN PATRICK BERIGAN, SR.,

      Plaintiff,

v.                                                        Civ. No. 15-245 LH/KK

STATE OF NEW MEXICO,

      Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* on Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below, Plaintiff will be ordered to show cause why his complaint should not be dismissed.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court also may dismiss a complaint *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A complaint may also be dismissed *sua sponte* before service under 28 U.S.C. § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987) (affirming *sua sponte* dismissal under former 28 U.S.C. § 1915(d) based on the plaintiff's waiver of rights); *cf. Harrison v. United States*, 438 F. App'x 665, 667 (10th Cir. 2011)

(government did not waive affirmative defense of statute of limitations by raising it for first time on appeal where district court dismissed complaint *sua sponte* on other grounds before government had opportunity to respond to complaint). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint is the third that he has brought seeking damages for allegedly wrongful pretrial incarceration in 2007 and 2008. He was originally booked in 2007 and released on bond in 2008. His state court criminal trial commenced in 2009, resulting in a mistrial and a subsequent dismissal *nolle prosequi* by the prosecutor. Plaintiff does not provide the exact date of the dismissal, but his complaint states that five (5) years have passed since that time; and, according to the state court's electronic docket, his criminal case was dismissed on December 3, 2009. *State v. Berigan*, No. D-202-CR-200702824 (Dec. 3, 2009) (notice of *nolle prosequi*), https://caselookup.nmcourts.gov.

The above dates indicate that the limitations period applicable to Plaintiff's claims has expired. The applicable statute of limitations for an action under 42 U.S.C. § 1983 is the forum state's personal injury statute, *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd*, 471 U.S. 261, 280 (1985); and, the limitation on personal injury actions in New Mexico is three (3) years. N.M. Stat. Ann. § 37-1-8. Here, the alleged injury occurred more than five (5) years before Plaintiff filed his complaint, and Plaintiff alleges no grounds for tolling the limitations period. Nonetheless, "a district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no

meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009). The Court will therefore provide Plaintiff with an opportunity to file a response to this Order to Show Cause, in which he may address any grounds for tolling the three-year limitations period that would otherwise bar his claims.

IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this Order, Plaintiff shall file a response in which he is to show cause, if any, why the Court should not dismiss his complaint as untimely filed after the expiration of the applicable statute of limitations.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE