IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN PATRICK BERIGAN SR,

      Plaintiff,

v.                                                                                                  No. CIV 15-0245 LH/LF

STATE OF NEW MEXICO,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      This matter is before the Court on Plaintiff's Motion to Show Cause (Doc. 18) filed in response to the Court's order entered on August 13, 2015, that required Plaintiff to show cause why his complaint should not be dismissed as untimely.   As Plaintiff acknowledges, the state filed its nolle prosequi in his criminal case in 2009, more than five years before he filed his complaint. Plaintiff asserts that "[t]he statute of limitations for nolle prosequi, if the state chose to refile criminal charges, is five years."   He argues that "[t]echnically the Plaintiff's criminal proceeding didn't end until . . . 2014," and the limitations period should therefore be waived.   To the contrary, the mere possibility that the state could have refiled charges does not mean that criminal proceedings remained pending.

      The limitations period on Plaintiff's claims accrued when he first became aware of the injury.  *See Heuston v. Ballard*, 578 F. App'x 791, 792 (10th Cir. 2014).   Simply waiting for a possible re-prosecution is not the equivalent of being hindered by a circumstance beyond Plaintiff's control, *see Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007), and is certainly not diligence, *see Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 (10th Cir. 1999) (noting requirement of diligence).   Plaintiff filed his complaint after expiration of the applicable

limitations period, and the Court will dismiss the complaint as untimely.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Show Cause (Doc. 18) is DENIED, the Complaint is DISMISSED with prejudice as untimely filed, and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE